**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD GOTTI,<br><br>        Defendant. | 08-CR-76<br><br>**Statement of Reasons Pursuant to**<br>**18 U.S.C. § 3553(c)(2)** |

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guideline range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

Case 1:08-cr-00076-JBW  Document 1743  Filed 01/20/09  Page 2 of 3 PageID #: 8687

On June 25, 2008, Richard Gotti pled guilty to a single-count information which charged that he, together with others, as consideration for a promise and agreement to pay something of pecuniary value from an enterprise that engaged in racketeering activity, and for the purpose of maintaining and increasing his position in an organized crime family, attempted to murder John Doe # 5, in violation of New York Penal Law §§ 125.25(1), 110, and 20, in violation of 18 U.S.C. § 1959(a)(5).

Richard Gotti was sentenced on December 5, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-nine and defendant's criminal history category to be two, yielding a guidelines range of imprisonment of between ninety-seven and one hundred twenty-one months. The offense carried a maximum term of imprisonment of 120 months, making the effective guidelines range ninety-seven to one hundred twenty months. 18 U.S.C. § 1959(a)(5). The guidelines range of fine was between $15,000 and $150,000. All open charges were dismissed upon motion by the government.

Gotti was sentenced to a total of ninety-seven months imprisonment and three years supervised release. The court ordered a sentence of eighty-seven months imprisonment for the defendant's crime under 18 U.S.C. § 1959(a)(5), and ten months imprisonment for the crime of committing an offense while on supervised release. See 18 U.S.C. § 3147. These terms of imprisonment shall be served consecutively. See id. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine.

2

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guideline range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it involved planning with others to kill, which led to the attempted murder of an individual. A sentence of eighty-seven months imprisonment under section 3553(a) for a violation of 18 U.S.C. § 1959(a)(5) and ten months imprisonment for a violation of 18 U.S.C. § 3147, to be served consecutively, reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is the key 3553(a) factor to be considered in the present case. It is satisfied by the sentence imposed. The sentence will send a clear message that involvement in racketeering and organized crime will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation.

Jack B. Weinstein
Senior United States District Judge

Dated: December 18, 2008
       Brooklyn, New York